RECEIVED

APR - 7 2011

TONY R. MOORE, CLERK
BY_____
     DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 5:09-00304-1 |
| | * | CIVIL NO. 5:10-01862 |
| VERSUS | * | JUDGE WALTER |
| MARY ANN JONES | * | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate under 28 U.S.C. § 2255 [Doc. # 12] filed by Defendant, Mary Ann Jones ("Jones"). For the reasons assigned herein, Defendant's motion is **DENIED**.

## BACKGROUND

On May 10, 2009, Carolyn Baker, owner of Data Resources, contacted the Webster Parish Sheriff's Office regarding a theft from her company. [PSR ¶5]. At that time Jones was an employee of Data Resources; she handled billing and collection for four area water systems. [Id.]. A review of Jones's work revealed that she was printing checks from Data Resources and making them out to herself. [Id. ¶6]. As a result of fraudulently authorized checks and fraudulent wire transfers Data Resources suffered a loss of approximately $151,404.94. [Id.]. When the Webster Parish Sheriff's Office searched Jones's residence they found checks written on different water systems accounts, written confessions concerning Jones's activities, and bank records. [Id. ¶7]. The sheriffs also seized vehicles that appeared to have been purchased with embezzled funds; records from Jones's residence indicated that wire transfers were made from a water system account to a North Carolina company

that Jones used to finance some of the vehicles. [Id.].

On November 18, 2009, the United States Attorney for the Western District of Louisiana charged Jones with one count of wire fraud in violation of 18 U.S.C. § 1343. [Doc. # 1]. The Bill of Information alleged that Jones caused an electronic funds transfer request originating in Minden, Louisiana, with a destination in Clemmons, North Carolina, to be transmitted in interstate commerce. [Id.].

On February 25, 2010, Jones appeared before the Court and entered a plea of guilty to the charge contained in the Bill of Information. [Doc. # 3]. Her plea was pursuant to a plea agreement with the Government. [Doc. # 4]. On May 27, 2010, the Court sentenced Jones to a term of imprisonment of eighteen (18) months in addition to monetary penalties and restitution. [Doc. # 10].

On September 7, 2010, Jones filed a Petition for Writ of Habeas Corpus in the Northern District of Texas pursuant to 28 U.S.C. § 2241. [Doc. # 12]. On November 11, 2010, Judge John McBryde issued an order requiring Jones to withdraw her petition or it would be construed as a motion to vacate, set aside, or correct sentence pursuant to § 2255. [Civ. Doc. # 10]. Jones never responded to Judge McBryde's order, thus on December 6, 2010, Judge McBryde ordered the petition construed as a § 2255 motion and transferred the case to the Western District of Louisiana, Shreveport Division, which is the appropriate venue for a § 2255 motion. [Civ. Doc. # 11]. That § 2241 petition, now construed as a § 2255 motion, is currently before the Court.

## **DISCUSSION**

The crux of Jones's motion is that the Supreme Court's opinion in *United States v. Skilling*, ___ U.S. ___, 130 S.Ct. 2896, 177 L.Ed. 619 (2010), renders the actions for which she was convicted to be noncriminal. 18 U.S.C. § 1346 defines "scheme or artifice to defraud" as used in other fraud

statutes, like § 1343's proscription of wire fraud, to include honest-services fraud. In *Skilling*, however, the Supreme Court narrowed the scope of § 1346 by holding that it "covers only bribery and kickback schemes." 130 S.Ct. at 2907.

In light of *Skilling*, Jones argues as follows:

> In the instant offense, Petitioner was convicted of violating 18 U.S.C. § 1343 through the signing of a plea agreement. Petitioner would not have signed said agreement had she known of the pending decision by the Supreme Court.
>
> ...
>
> The Government did not, at any time, allege that defendant solicited or accepted side payments from a third party in exchange for making these misrepresentations. It is therefore clear that, as Supreme Court [sic] read 1346, Petitioner did not commit honest-services fraud. Petitioner's conviction of 18 U.S.C. 1343 should be vacated on the ground that under 1346, which defines 1343, it fails to define the conduct it prohibits. Petitioner's scheme to defraud alleged here did not involve any bribes or kickbacks. Convicting a defendant upon an honest-services fraud theory, even one limited to bribes and kickbacks, violates his or her rights under the Due Process Clause of the Fifth Amendment. Petitioner has presented her claim showing that she is currently incarcerated for a non-criminal offense, as ruled by the Supreme Court.

[Doc. # 2 at 6].

*Skilling* has no application in this case because Jones was not charged with honest services fraud under 18 U.S.C. § 1346. The Bill of Information alleged and Jones entered a plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Jones's conduct included printing checks from her employer's Quick Books system and making them out to herself. As Jones's attorney pointed out at her sentencing, Jones was involved in a scheme of embezzlement. These activities are not honest services related, and, accordingly, the Government did not invoke § 1346 or honest services in charging Jones with fraud. In *Skilling*, the Supreme Court contrasted honest services fraud

with more conventional notions of fraud, like embezzlement:

> Unlike fraud in which the victim's loss of money or property supplied the defendant's gain, with one the mirror image of the other, the honest-services theory targeted corruption that lacked similar symmetry. While the offender profited, the betrayed party suffered no deprivation of money or property; instead, a third party, who had not been deceived, provided the enrichment.

130 S.Ct. at 2926. Jones's conduct is clearly the first type of fraud. Her gain from the fraud was supplied directly by Data Resources' loss. There was no third party that would necessitate an honest services theory of fraud. Honest services were not at issue in the charges against Jones, thus *Skilling* has no application to her guilty plea. Jones's conduct was criminal when she committed it and remains criminal today. Therefore, Jones's guilty plea and sentence were not imposed in violation of the Constitution or the laws of the United States.

## CONCLUSION

For the reasons assigned above, Jones's argument is without merit. Her Motion to Vacate under 28 U.S.C. § 2255 [Doc. # 12] is **DENIED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE